HILLSBORO DISTRICT.} NORTH CAROLINA.} ss. April Term, 1793.
David Quinton complains of William Courtney, Jr., in custody, etc., for that whereas according to the laws in this State ordinary keepers who keep ordinaries to lodge travelers therein who abide in the same, are bound to keep their goods and chattels being within these ordinaries, day and night, without diminution or loss, so that no loss or damage might happen to any such traveler or travelers, by reason of the defect of due and proper care by such ordinary keepers or their servants in these ordinaries; and the said David, on the 13th day of January, in the year of our Lord 1793, in the county of Orange, in the district of Hillsboro, being lodged in the ordinary of the said William, had a pair of leather saddlebags, in which were contained the sum of two hundred and eighteen Spanish milled dollars, of the value of one hundred and nine pounds of the current money of this State, in that ordinary, and delivered the same saddlebags and money to the said William, then and there to be safely kept; nevertheless the said William, knowing the said bags and money to be within his said ordinary, he, the said William, on the same day and year first aforesaid, in the county and district aforesaid, did so *Page 61 
negligently keep the said bags and money that the said bags and money, for want of safe-keeping thereof by the said William and his servants, were lost, stolen and carried away from and out of the said ordinary; whereby the said David hath totally lost and become deprived from thence hitherto of the said bags and money, and of the whole use, profit, benefit and value thereof; and the said William hath not delivered to the said David the said bags and money, although the said William, on the 14th day of January, in the year of our Lord 1793, in the county aforesaid, was thereto requested, but hitherto hath and still doth refuse so to do, or to make him any satisfaction for the same; whereby the said David saith he is injured (41) and endamaged to the value of ______ pounds, and therefore he brings this suit, etc.
And whereas, also, the said David afterwards, to wit, on the same day and year aforesaid, in the county and district aforesaid, being lodged in the dwelling-house of the said William for a certain time, therefor to be paid to the said William, had one other pair of leather saddlebags in which were contained other two hundred and eighteen Spanish milled dollars, of the value of one hundred and nine pounds of the current money of this State, within the same dwelling-house then and there being, and delivered the same to the said William, then and there to be safely kept for a certain time, received, to wit, the sum of ________ to be paid by the said David when the said William for the safe-keeping thereof; nevertheless the said William, well knowing the premises, on the same day and year last aforesaid, in the county and district aforesaid, so negligently kept the said bags and money that the said bags and money, for want of such due care as aforesaid, were lost from and out of the said dwelling-house and possession of him, the said William; whereby the said David hath totally lost and been defrauded of the said bags and money, and of the whole use, profit, value, and benefit thereof, and the said William hath not delivered to the said David the said bags and money, although the said William on the 14th of January, in the year of our Lord 1793, in the county aforesaid, was thereto required, but hitherto hath refused, and still doth refuse so to do or to make any satisfaction for the same; whereby the said David saith he is injured and endamaged to the value of ________ pounds, and therefore he brings this suit, etc.
And whereas, also, the said William afterwards, to wit, on the aforesaid 13th day of January, in the year of our Lord 1793, in the county and district aforesaid, had undertaken safely and securely to keep in his custody one other pair of leather saddlebags, containing within the same the sum of two hundred and eighteen pieces of silver, coined money, commonly called Spanish milled dollars, of the value of one hundred and nine pounds of the current money of this State, being the bags and money of the said David, and to restore and redeliver the same to the said David whenever thereafter the said David should request him so to do, and for that purpose had received the said bags and money into his custody; the same William, his servants and agents afterwards, to wit, on the same day and year last aforesaid, in the county and district aforesaid, the aforesaid bags and money so negligently and carelessly kept for want of due care of the aforesaid William, his servants and agents, the aforesaid bags and money then and there were stolen and carried away by some person unknown, from and out of the custody and keeping of the aforesaid William; and by reason thereof the aforesaid David the said bags and money, and the whole value, profit and benefit thereof, hath totally lost and *Page 62 
been deprived of from thence hitherto; and the said William hath not restored or redelivered the said bags and money to the said David, although the said William afterwards, to wit, on the 14th day of January, in the year aforesaid, in the county and district aforesaid, by the said David was thereto required, but hitherto hath refused and still doth refuse so to do, or to make any satisfaction for the same, whereby the said David saith he is injured and endamaged to the value of _______ pounds, and therefore he hath brought this suit, etc.
(42) And the general issue was pleaded.
Haywood, for the plaintiff, insisted that ordinary-keepers were liable for the loss of goods of their guests committed to their care, unless the loss happens by the default of the guest himself. Inns were instituted for the benefit of travelers, that they might know where to go when traveling amongst strangers, without the danger of being robbed or defrauded of their effects; and to say that the innkeeper should not be liable for the loss of his guest's goods would in effect destroy one of the principal ends of the institution of inns; and if it should be required to prove fraud or neglect upon the innkeeper before a guest could recover for the loss of his effects, this would destroy the utility of the institution in a great measure; for frequently a stranger would not have it in his power to prove the circumstances. There is no inconvenience on the other hand comparable to this. The innkeeper has nothing to do but to be careful — if he takes sufficient care, in general the goods will not be lost. The same answer may be given to the objection that the guest did not inform him of the contents of the bags. If he takes sufficient care, a thing of great value will no sooner be lost than a thing of small value; and he ought to use this care in respect to all his guests, and all the effects they have with them, be the value great or small; and therefore there is no necessity that he should be informed of the contents or value of the things confided to his care; and he cited 8 Rep., 33; Bac. Ab., 182 Buller, 73, of ed. 1778; Cro. Jac., 224.
Mr. Moore, for the defendant, insisted in general that he could not be made liable but by means of his neglect. He cited Coggs v. Bernard and many other authorities; and he argued that the laws of England are not in force here any further than the circumstances of the country make them necessary; that these kinds of frauds which the laws of England were so careful to guard against are not frequently practiced here, and that therefore there is no necessity for the adoption of this hard law.
The law is as laid down in 8 Rep. ep., 33, Coley's case, and the innkeeper is liable for the goods lost, unless when the guest is robbed by a companion of his own, and in some few other cases mentioned in Coley'scase, and in 3 Bac. Ab., *Page 63 
183, as where the guest is informed that the house is full, but the traveler insists upon staying, and says he will shift. And in order to support the action it is sufficient for the plaintiff to prove that the defendant kept a common ordinary, that he was a guest, that the goods were brought to the inn, and were in the care of the defendant, and (43) were lost.
The plaintiff under this charge had a verdict for £ 109 and judgment.
NOTE BY REPORTER. — In this case it appeared the plaintiff had received this money of a Mr. O'Brien, of Tarboro, for the purpose of purchasing certificates, which he covenanted in writing to deliver to O'Brien, or to return him the money; and it was insisted upon by Mr. Moore that the money in this case was the property of O'Brien, and that Quinton only had it as his agent or servant; and that therefore the injury, if any, had been done to O'Brien and not to Quinton; and that O'Brien ought to have brought the action. But e contra it was insisted that, strictly speaking, there is no such thing as property in money, or, that if there was, the possession always gave the plaintiff could not be brought for it. L. Ev., 262; Co. Litt., 286, b: Salk., 284.